IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JOHN LESTER SALAZAR,

      Petitioner,

v.                                                            Civil No. 01-1206 WJ/WWD

JOE WILLIAMS, Warden, et al.,

      Respondents.

## MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

      1. THIS MATTER is before the Court on Petitioner's "Emergency Petition for Writ of Habeas Corpus [Petition]" pursuant to 28 U.S.C. § 2254, filed October 19, 2001 **[Doc. 1]**, Petitioner's "Addendum to Exhibits Because of Plaintiff's Ongoing Duty to Present New Evidence and Concerns [Addendum]," filed May 31, 2002 **[Doc. 24]**, and Petitioner's "Supplement to Emergency Writ of Habeas Corpus [Supplement]," filed October 21, 2002 **[Doc. 29]**. Petitioner is confined pursuant to the amended final judgment, sentence, and order of the Second Judicial District of the County of Bernalillo, following his plea of guilty to charges of Racketeering, Fraud and Forgery. See Am. Final J., Sentence and Order Partially Suspending Sentence, filed Aug. 11, 1999, Ex. H to Answer **[Doc. 10]**. Petitioner is incarcerated and is proceeding *pro se*.

      2. Petitioner alleges three grounds for relief in his Petition:

            (1) that Petitioner's attorney induced Petitioner to enter a guilty plea based on false assurances of probation in exchange for a plea;

            (2) that Petitioner's plea was involuntary due to the influence of a drug; and

            (3) that Petitioner's attorney knowingly allowed the introduction of false testimony (from James McCormack) during sentencing.

3.  Respondents concede that Petitioner has exhausted the claims raised in his initial Petition. However, Petitioner subsequently filed an "Addendum" and a "Supplement," in addition to his Petition. Although it is difficult to decipher the content of these documents, Petitioner appears to be seeking, *inter alia*, permission to amend his Petition to include new claims. See Addendum at 5; Supplement at 12-13. Specifically, I construe Petitioner's Addendum and Supplement as alleging four additional claims [Claims Four, Five, Six and Seven].

4.  In Claim Four, Petitioner apparently alleges that his guilty plea was involuntary because it was forcibly coerced. See Addendum at 2, ¶10 (alleging that he "was beaten by jail guards, in order to coerce a confession"); Supplement at 1, ¶2 (claiming that his attorney "never investigated the fact that [Petitioner] was beaten by Correction Officers and Psychologists, just to cause [Petitioner] to plea").[1] In Claim Five, Petitioner apparently alleges that his trial attorney was ineffective because he failed to investigate evidence that would "prove that Petitioner is innocent" of the charge on which his habitual offender enhancement was based. See Addendum at 4-5, ¶14; see also Addendum at 2, ¶11; Supplement at 1, ¶3; Supplement at 12, ¶12. In Claim Six, Petitioner apparently claims that his plea and/or sentencing is invalid because prosecutorial misconduct occurred during the indictment, investigation and sentencing phases of his case. See Addendum at 5 (asserting that "Julie Altwise and Detective Piaz destroyed [exculpatory] evidence . . . . [and] lied to the Grand Jury"); see also Supplement at 12, ¶12; Supplement at 7-8 (accusing

---

[1] In his Petition, Mr. Salazar alleged that "beatings and "segregation" were contributing factors to his guilty plea. However, the reference to "beatings" arose in the context of Petitioner's claim that his attorney induced a plea with "false assurances" of probation. Pet. at 2. Petitioner did not claim in his Petition, as he does in his Addendum, that guards beat him "in order to coerce a confession." In any event, Petitioner did not raise any allegations of physical coercion in his state habeas petition.

prosecutor Marshak of "perjury, dishonesty, deceit [and] misrepresentations").  In Claim Seven, Petitioner appears to allege that his plea is invalid because his attorney failed to investigate evidence that would exculpate Petitioner of the underlying charges.[2]  See Supplement at 9-12, ¶11.

5. Under the doctrine of exhaustion, a state prisoner must generally exhaust available state court remedies before filing a habeas corpus action in federal court.  See Picard v. Connor, 404 U.S. 270, 275 (1971); Hernandez v. Starbuck, 69 F.3d 1089, 1092-93 (10th Cir. 1995).  The exhaustion doctrine requires a state prisoner to fairly present his claims to the state courts before a federal court will examine them.  Picard, 404 U.S. at 275.  Here, the New Mexico state courts have not been fairly presented with an opportunity to consider the four new claims alleged in Petitioner's Addendum and Supplement.  Thus, Petitioner has failed to exhaust these claims.[3]  In the interest of comity, Petitioner's unexhausted claims should be dismissed without prejudice so that he may first pursue and exhaust those claims in state court.[4]

6. However, amending Mr. Salazar's petition to include the new claims raised in his Addendum and Supplement would present a "mixed petition" of exhausted and unexhausted claims to this Court.  A petition containing an unexhausted claim is subject to dismissal.  Rose v. Lundy, 455 U.S. 509, 520-21 (1982).  "The Tenth Circuit has held specifically that a district court

---

[2] Petitioner contends that some of the allegedly exculpatory evidence came to light during bankruptcy proceedings that occurred after his conviction.  Supplement at 9.

[3] Ordinarily, the failure to raise these claims on appeal would result in procedural default. Jackson v. Shanks, 143 F.3d 1313, 1318 (10th Cir. 1998).  However, Respondents do not raise procedural default as a defense.  See Moore v. Gibson, 195 F.3d 1152, 1167 (10th Cir. 1999) (citing Hooks v. Ward, 184 F.3d 1206 (10th Cir. 1999)).

[4] The Court declines to exercise its discretion to examine the merits of Petitioner's unexhausted claims as provided for in section 2254(b)(2).

must dismiss an entire mixed petition rather than dismissing only the unexhausted claims." Aragon v. Shanks,185 F.3d 873, 1999 WL 448815 (10th Cir. Jul. 2, 1999) (unpublished table decision) (citing Harris v. Champion, 48 F.3d 1127, 1131, 1133 (10th Cir.1995) (disapproving dismissal of unexhausted claims only and clarifying that "a court cannot adjudicate the exhausted claims in a mixed petition unless the petitioner amends the petition to delete the unexhausted claim")) .

7. Because Mr. Salazar's petition contains both exhausted and unexhausted claims, the entire petition should be dismissed without prejudice so that Petitioner will have the opportunity to pursue the unexhausted claims in state court. Consequently, Mr. Salazar has a choice to make. He may choose to proceed with the claims contained in his Petition [Claims One, Two and Three], and risk losing the opportunity to present the unexhausted claims contained in his Addendum and Supplement [Claims Four, Five, Six and Seven] at a later date. See Tapia v. LeMaster, 172 F.3d 1193, 1195 (10th Cir. 1999) (petitioner who opts to have only exhausted claims heard is considered to have abandoned the unexhausted claims, and a subsequent petition containing those claims will be barred as a successive petition if he is unable to meet the requirements for filing another petition) (citing Rose, 455 U.S. 509 (1982)). Or, Mr. Salazar may choose to pursue Claims Four through Seven in state court, thus delaying his habeas petition altogether and bearing in mind that the one-year statute of limitation still applies to all of the claims in his petition, including those that have been exhausted. See Rose, 455 U.S. at 521(cited in Clark v. Tansy, 13 F.3d 1407, 1409 (10th Cir. 1993)).

8. If Petitioner wishes to proceed with his Petition solely on Claims One, Two and Three, he may so notify the Court within the 10-day period allotted for the filing of objections to these findings, in order to avoid re-filing the petition following the order of dismissal. If Petitioner does

4

not notify the Court that he wishes to withdraw Claims Four through Seven and proceed with his remaining claims, his Petition will be dismissed without prejudice to allow Petitioner to pursue his unexhausted claim in state court.

## Recommendation

I recommend that Petitioner's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 **[Doc. 1]** be dismissed without prejudice on grounds of nonexhaustion of claims.

Within ten days after a party is served with a copy of these proposed findings and recommendations that party may, pursuant to 28 U.S.C. ¶ 636(b)(1), file written objections to such proposed findings and recommendations. A party must file any objections within the ten day period allowed if that party wants to have appellate review of the proposed findings and recommendations. If no objections are filed, no appellate review will be allowed.

_____
UNITED STATES MAGISTRATE JUDGE